# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**DONOVAN WILLINGHAM**                                           **PETITIONER**

**versus**                                                         **NO. 1:17CV174-HSO-MTP**

**STATE OF MISSISSIPPI**                                         **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition of Donovan Willingham ("Petitioner") for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [17] pursuant to 28 U.S.C. § 2244(d). The Petition was filed May 24, 2017,[1] and the motion to dismiss was filed on December 13, 2017. Having considered the Motion, the record, and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [17] be granted and the Petition [1] be dismissed with prejudice.

## PROCEDURAL HISTORY

On October 17, 2011, Petitioner pled guilty to robbery in the Circuit Court of Hancock County, Mississippi. *See* [17-1] at 3. That same day, the Circuit Court sentenced Petitioner to fifteen years in the custody of the MDOC and ordered him to participate in the Regimented Inmate Discipline (R.I.D.) Program and obtain a G.E.D. *Id.* After successful completion of the R.I.D. Program, Petitioner was resentenced by the Circuit Court on July 23, 2012. *Id.* at 5-6. His

---

[1] "For pleadings submitted by prisoners acting *pro se*, the Fifth Circuit has recognized that a 'mailbox rule' applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir.1995). It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it. *See United States v. O'Kaine*, 971 F.Supp. 1479, 1480 (S.D.Ga.1997)." *Punch v. State of Louisiana*, 1999 WL 562729, *2 n. 3 (E.D.La. July 29, 1999)(unpublished). In this case, he signed the petition on May 24, 2017.

original fifteen (15) year sentence was suspended "for time served, followed by Four (4) years of reporting post release supervision and any remainder by non-reporting post-release supervision." *Id.* Petitioner's post-release supervision was revoked on March 18, 2015 for committing multiple misdemeanors and for failing to pay fines. *See* [18-1] at 7. The court ordered Petitioner to serve "his original fifteen (15) Years with credit for four (4) Years he previously served leaving eleven (11) Years to serve in the custody of the [MDOC]." *See* Revocation Order [17-2].

On October 11, 2016,[2] Petitioner filed a motion for post-conviction collateral relief in the Hancock County arguing that his revocation was unlawful for various reasons. *See* [17-3] at 1-22. On June 17, 2017, the state court denied that motion. *Id.* at 23-28 Petitioner did not appeal this decision. *See* Dockets [17-1] at 1-2 and [17-3] at 1. Willingham also filed a "Petition to Clarify Sentence" in Hancock County Circuit Court on November 14, 2016. *See* [17-4]. The Circuit Court denied this motion on June 14, 2017. *Id.* The record reflects that Petitioner did not appeal this decision.

The Petitioner filed the instant Petition for Writ of Habeas Corpus [1] on May 24, 2017. Thereafter, Respondent filed his Motion to Dismiss [17], asserting that the Petition was not timely filed and should be dismissed.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") specifies that a petitioner seeking federal habeas relief must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th

---

[2] Throughout this report and recommendation, the undersigned gives petitioner the benefit of the mailbox rule and considers the date he signed documents as the day he filed them.

Cir. 2003). The Fifth Circuit clarified the law for purposes of determining when a state conviction becomes final pursuant to Section 2244(d)(1)(A) by holding that:

> The language of § 2244(d)(1)(A) provides that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review. We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the conclusion of direct review is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review. We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort. If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Petitioner was sentenced on July 25, 2012, after entering a guilty plea and following his completion of the R.I.D. Program. *See* [17-3] at 5. Under Mississippi law, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. If Petitioner is challenging his original conviction, his conviction became final–and the statute of limitations for federal habeas relief began to run–on July 25, 2012. If challenging his original conviction, he was required to file his federal habeas petition by July 25, 2013, unless he was entitled to statutory and/or equitable tolling. 28 U.S.C. § 2244(d)(1)(A).

If Willingham is attempting to challenge his revocation, his revocation became final on March 19, 2015, the date on which he was sentenced following revocation.[3] Under Mississippi law, "[A]n order revoking a suspension of sentence or revoking probation is not appealable." *Beasley v. State*, 795 So.2d 539 (Miss.2001) (alteration in original) (*citing Pipkin v. State*, 292 So.2d 181, 182 (Miss.1974)). Thus, any habeas challenge to the revocation proceeding was due

---

[3] The order was signed March 18, 2015, and stamped filed March 19, 2015. The undersigned will give Petitioner the benefit of the later date. *See* [17-2].

March 21, 2016 (since March 19, 2016, fell on a Saturday), unless he was entitled to statutory and/or equitable tolling. 28 U.S.C. § 2244(d)(1)(A). His Petition was filed May 24, 2017, past both deadlines.

**Statutory Tolling**

Whether statutory tolling occurred is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or collateral review" remains pending.

Petitioner filed his only Motion for Post-Conviction relief on October 11, 2016. *See* [17-3] at 1-22.[4] However, because this post-conviction motion in state court was filed after the statute of limitations for filing a federal petition challenging his original conviction or revocation had run, he is not entitled to statutory tolling. *See Baldwin v. Parker*, 2006 WL 3858896, at *3 (S.D. Miss. Dec. 28, 2006) (State post-conviction petition cannot toll the one-year limitation period described in section 2244(d)(2) if it is filed after Petitioner's federal filing deadline has passed); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application did not toll the limitation period under Section 2244(d)(2) because it was not filed until after the limitation period expired). Accordingly, Petitioner does not benefit from statutory tolling for this motion under Section 2244(d). His federal habeas filing deadlines remained July 25, 2013 for his original conviction and March 21, 2016, for his revocation.

**Equitable Tolling**

The decision to apply the equitable tolling doctrine to the one-year limitation period set

---

[4] Petitioner also filed two petitions for writ of mandamus in the Mississippi Supreme Court. *See* SCR [18-1] at 13, 57 (Mississippi Supreme Court Cause No. 2016-M-01156). Petitions for writ of mandamus do not qualify to toll the limitations period under 28 U.S.C. § 2244(d). *See Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002). Moreover, the writs were filed after the limitation

forth in Section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 184 F.3d 510, 513 (5th Cir. 1999). Additionally, in order to establish that he is entitled to equitable tolling, Petitioner must demonstrate "that he has been pursuing his rights diligently . . . ." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Courts should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811). Petitioner, however, bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Petitioner has not responded to the Motion to Dismiss [17] even after being ordered to respond, but instead merely filed a letter in support of the merits of his Petition. *See* Order [19]; Letter [20]. Petitioner has presented no evidence nor pointed to anything in the record that indicates the presence of rare and exceptional circumstances warranting equitable tolling. In his Letter [20], Petitioner simply argues the merits of his Petition for habeas relief, but fails to set forth any argument against dismissal based on the timeliness of his Petition. Accordingly, Petitioner is not entitled to equitable tolling.

## CONCLUSION

Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A), Petitioner was required to file his federal petition challenging his original conviction by July 25, 2013, or

---

period had expired.

file a petition challenging his revocation by March 21, 2016. He met neither deadline. Petitioner filed this petition on May 24, 2017, past both deadlines and he is not entitled to tolling. Accordingly, he cannot avoid the statutory bar of Section 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [17] be GRANTED and that Petitioner's Petition for Writ of Habeas Corpus [1] be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 16th day of April, 2018.

                                                  s/ Michael T. Parker
                                                  United States Magistrate Judge