# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**DONOVAN WILLINGHAM**                                                  **PETITIONER**

**v.**                                               **CIVIL NO. 1:17cv174-HSO-MTP**

**STATE OF MISSISSIPPI**                                          **RESPONDENT**

## ORDER OVERRULING PETITIONER'S OBJECTION [22], ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [21], GRANTING RESPONDENT'S MOTION TO DISMISS [17], AND DISMISSING THE PETITION [1] WITH PREJUDICE

BEFORE THE COURT is Petitioner Donovan Willingham's Objection [22] to United States Magistrate Judge Michael T. Parker's Report and Recommendation [21] entered on April 16, 2018, and Respondent State of Mississippi's Motion [17] to Dismiss. After consideration of the proposed findings of fact and conclusions of law set forth in the Report and Recommendation, the record, and relevant legal authority, the Court finds that Petitioner's Objection should be overruled, the Report and Recommendation should be adopted as the finding of this Court, Respondent's Motion should be granted, and the Petition should be dismissed with prejudice.

## I. BACKGROUND

On June 12, 2017, Donovan Willingham ("Petitioner") filed a Petition [1] Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, alleging that the sentence imposed in state court by his October 17, 2011, conviction

had "expired," that his "probation, parole, or conditional release was unlawfully revoked," and that he is currently being held "unlawfully" in violation of his constitutional rights. Petition [1] at 2,5. The State of Mississippi filed a Motion [17] to Dismiss on December 13, 2017, asserting that Petitioner's claims were barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), which requires that a party seeking federal habeas relief must file his petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Mot. to Dismiss [17] at 1-11 (quoting 28 U.S.C. § 2244(d)(1)(A)).

On April 16, 2018, the Magistrate Judge entered his Report and Recommendation [21], recommending that the State of Mississippi's Motion [17] to Dismiss be granted and that Petitioner's Petition [1] be dismissed with prejudice, on grounds that Petitioner's claims are barred by the one-year limitations period found in 28 U.S.C. § 2244(d)(1)(A). The Magistrate Judge determined that

> [b]ased upon the one-year limitations period found in 28 U.S.C. § 2244(d)(1)(A), Petitioner was required to file his federal petition challenging his original conviction by July 25, 2013, or file a petition challenging his revocation by March 21, 2016. He met neither deadline. Petitioner filed this petition on May 24, 2017, past both deadlines and he is not entitled to tolling. Accordingly, he cannot avoid the statutory bar of Section 2244(d).

R&R [21] at 5-6.

Petitioner filed an Objection [22] to the Report and Recommendation on April 30, 2018. The Objection contains various assertions of fact and law and requests

2

three things: (1) to subpoena Hancock County District Attorney Joel Smith; (2) to obtain the transcripts from the court reporter of Hancock County; and (3) to find out where Petitioner completed the RID program. Obj. [22] at 1-3. Petitioner also seeks legal assistance and proffers that the prison is unsanitary, is infected with rats and mold, is short of food, and has been on lockdown for weeks, depriving him of the ability to take a shower. *Id.*

## II. DISCUSSION

A. Standard of Review

Because Plaintiff has objected to the Magistrate Judge's Report and Recommendation, this Court is required to make a de novo determination of "'those portions of the [magistrate's] report or specified proposed findings or recommendations to which objection is made.'" *Funeral Consumers All. Inc. v. Serv. Corp Int'l*, 695 F.3d 330, 347 (5th Cir. 2012) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983) (quoting 28 U.S.C. § 636(b)(1)); *see also Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991) (stating that parties are only entitled to a de novo review by an Article III judge as to those issues to which an objection is made).

A court is not required, however, to make new findings of fact independent of those made by a magistrate. *Warren v. Miles*, 230 F.3d 688, 694-95 (5th Cir. 2000). Nor is a court required to reiterate the findings and conclusions of a magistrate judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). Also, a court need not consider objections which are frivolous, conclusive, or general in nature. *Battle v.*

3

*United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987); *see also Nettles v. Wainwright,* 677 F.2d 404, 410 n. 8 (5th Cir.1982) ("Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court.").

The Objection contains various assertions of fact, but does nothing to controvert the specific findings of fact and law contained within the Report and Recommendation, which pertain to the expiration of the statute of limitations. *See* Obj. [22] at 1-3. Petitioner does not object to the Magistrate Judge's conclusions that his deadline to file a § 2254 petition on his conviction was July 25, 2013, and that the deadline to file a § 2254 petition on his revocation ran on March 21, 2016. Thus, the Court need only consider whether the Magistrate Judge's findings were clearly erroneous or contrary to law.

B.  Analysis

Having conducted the required review, the Court concludes that the Magistrate Judge's Report and Recommendation thoroughly considered all issues, and is neither clearly erroneous nor contrary to law. It is clear from the record that Petitioner's Petition is untimely. Even if this Court were to conduct a de novo review, based upon the pleadings and the record as a whole, the Court finds Petitioner's claims should be dismissed for the same reasons set forth in the Report and Recommendation.

The Court further finds that all information relevant to Petitioner's claim was contained in the record and the pleadings, thus to the extent his Objection may appear to seek additional discovery, that request should be denied.

The Court, being fully advised in the premises, finds that the Magistrate Judge properly recommended that Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 be denied. The Report and Recommendation should be adopted as the opinion of this Court.

### III. CONCLUSION

After consideration of the proposed findings of fact and conclusions of law set forth in the Report and Recommendation, the record in this case, and relevant legal authority, the Court finds that Petitioner's Objection should be overruled, the Report and Recommendation should be adopted as the finding of this Court, Respondent's Motion to Dismiss should be granted, and Petitioner's claims should be dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Petitioner Donovan Willingham's Objection [22] is **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Report and Recommendation [21] of United States Magistrate Judge Michael T. Parker, entered in this case on April 16, 2018, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Respondent State of Mississippi's Motion to Dismiss [17] is **GRANTED**, and the Petition for Writ of Habeas Corpus [1] is **DISMISSED WITH PREJUDICE**. A separate judgment will be entered consistent with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 15th day of May, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE